602 S.E.2d 58

**In the Matter of the Care and Treatment
of Herbert Lee McCOY, Appellant.**

Supreme Court of South Carolina.

Aug. 23, 2004.

## ORDER

Appellant was found guilty of committing a lewd act on a minor. He was subsequently found to be a sexually violent predator pursuant to the South Carolina Sexually Violent Predator Act (SVP Act),[1] and was involuntarily committed to the South Carolina Department of Mental Health.

Thereafter, appellant filed a notice of appeal. Counsel for appellant, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988), and *Ex Parte Cauthen,* 291 S.C. 465, 354 S.E.2d 381 (1987), filed an affidavit with the Court stating he found no basis for appellant's allegations in the record and that he felt the appeal had no merit. Counsel attached a copy of the transcript and asked the Court to review it for any meritorious issue.

The State filed a motion to strike the affidavit stating that, while counsel's conclusion that the appeal lacked merit was

---

1. S.C.Code Ann. §§ 44–48–10 to –170 (2003).

correct, there is no authorized procedure for filing an affidavit in lieu of a brief and designation of matter as required by the South Carolina Appellate Court Rules. The State argues there is no authority to solely submit an affidavit in sexually violent predator cases, but states it has no objection to the Court establishing a procedure for such a practice.

Thereafter, counsel for appellant filed a "Memorandum of Issues of Colorable Merit" alleging two errors of the trial court. Counsel also filed a return to the State's motion to strike his affidavit. Therein, counsel outlines the trial proceeding and why appellant's appeal lacks merit. Counsel also explains the authority he relied upon in filing the transcript and affidavit, and requests the Court institute a procedure for filing no-merit appeals in regards to the involuntary commitment of sexually violent predators.

Although a person committed under the SVP Act has no Sixth or Fourteenth Amendment right to counsel, as does an accused in a criminal proceeding, they do have a statutory right to counsel. S.C.Code Ann. § 44–48–90 (2003). We have adopted a no-merit procedure in the post-conviction relief context in *Johnson, supra,* and feel it is appropriate to do so here, as well. Accordingly, we hereby adopt an *Anders*-type procedure, as we did in *Johnson, supra,* for alleged no-merit SVP involuntary commitment appeals. Therefore, the motion to strike the affidavit is granted. In addition, counsel is instructed to withdraw his "Memorandum of Colorable Issues of Merit" and submit in its place a brief, pursuant to *Anders, supra,* outlining all issues of arguable merit, a copy of the record on appeal, and a motion to be relieved as counsel. This will be the procedure for all future cases involving alleged no-merit SVP involuntary commitment appeals.

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.
s/ James E. Moore, J.
s/ John H. Waller, Jr., J.
s/ E.C. Burnett, III, J.
s/ Costa M. Pleicones, J.